[Cite as *Tipton v. Mad River Local Bd. of Edn.*, 2023-Ohio-3733.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| KRISTA TIPTON | : | |
| Appellant | : | C.A. No. 29805 |
| v. | : | Trial Court Case No. 2021 CV 05125 |
| MAD RIVER LOCAL BOARD OF EDUCATION | : | (Civil Appeal from Common Pleas Court) |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 13, 2023

. . . . . . . . . . .

JOHN T. UNITT, Attorney for Appellant

NICHOLAS E. SUBASHI and TABITHA JUSTICE, Attorneys for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Krista Tipton appeals from an order of the Montgomery County Court of Common Pleas rendering summary judgment against her on her claims for injunctive and other relief under the Ohio Open Meetings Act ("OMA"), codified at R.C. 121.22. For the reasons set forth below, we affirm.

## I.     Factual and Procedural History

{¶ 2} On September 17, 2021, the Superintendent of Mad River Local Schools ("Superintendent") issued a notification to the school community of his decision to require staff, students, and visitors to wear masks in all Mad River school buildings. Tipton became aware of the policy before it became effective. However, after it was implemented, Tipton's son attempted to attend school without complying with the mask mandate; he was denied admittance by staff.

{¶ 3} Tipton attended the next regularly scheduled meeting of the Mad River Local School District Board of Education ("the Board") on September 27, 2021. During the comments portion of the meeting, Tipton informed the Board of her belief that the Superintendent had inappropriately instituted the masking policy without obtaining a vote of the Board.

{¶ 4} Tipton filed this action against the Board on December 16, 2021. In her complaint, Tipton alleged that the masking policy issued by the Superintendent was invalid because the Board did not adopt the policy in accordance with the OMA. In addition to asking the court for an injunction under R.C. 121.22(I)(1), Tipton asked for an award of attorney's fees and costs and an order requiring the Board to pay a $500 civil forfeiture fee.

{¶ 5} The Board filed a motion for summary judgment against Tipton. In the motion, the Board argued that the OMA was inapplicable, as Tipton had not presented any allegation of actions taken by the Board following any privately conducted meeting or

deliberations. The Board further argued that the Superintendent had authorization and responsibility to conduct the daily operations of the school district and that the masking policy fell within that purview. Finally, the Board argued that the OMA did not apply to actions taken by the Superintendent.

**{¶ 6}** Thereafter, Tipton filed a motion for summary judgment in which she admitted the OMA did not compel the Board to adopt rules. However, she also argued that the Board had violated the OMA by permitting the Superintendent to adopt a masking rule without a prior or subsequent vote by the Board on the rule. Tipton referred to an affidavit attached to her complaint in which she averred that she had personally prepared a transcript "of relevant portions of dialogue" spoken between the Board president, the superintendent, and herself during the September 27, 2021, Board meeting. Tipton averred the transcript was made by "listening to an mp3 recording * * * of that meeting that I requested and received on 28 September 2021 from Mad River Local Schools Treasurer." The transcript was attached to Tipton's affidavit.

**{¶ 7}** Relevant hereto, the transcript included: a statement made by the Superintendent indicating that he had the authority to implement the masking rule and that he had informed the Board president, in a phone call, of his intent to do so; a statement by Tipton that the Board retained the right to vote on the masking rule; and a response by the Board president that, "And at that time, that week, I will be honest with you, there did not * * * we did not know how there would be time because we also had the Superintendent and the Treasurer that were leaving to go out of town to represent this district at the federal impact aid in Washington, D.C. * * *"

{¶ 8} Tipton also filed a reply to the Board's motion for summary judgment in which she argued that the OMA applied to any discussions conducted by a majority of the Board members, regardless of whether such discussion occurred in person or via email or phone or video conferences. She then asserted that the use of the word "we" in the statement made by the Board president during the September 27, 2021 Board meeting indicated that the Board had decided to forego a public meeting on the masking rule, because arranging a public Board meeting to discuss and vote on the issue would have hindered a timely implementation of the rule. Tipton argues that this admission demonstrated that the Board had effectively held a private vote allowing the mask rule to go into effect without a public hearing.

{¶ 9} The trial court entered summary judgment in favor of the Board on April 28, 2023. In its judgment, the court concluded that the masking rule implemented by the superintendent did not "trigger the procedural requirements of R.C. 121.22 because there was no action by a public body with respect to this particular masking rule. The rule was implemented solely by the superintendent and not the Board." The court further concluded that the masking rule was a "legitimate exercise of the authority and discretion vested with the superintendent pursuant to" pre-existing Board policy.

{¶ 10} Tipton appeals.

## II. Masking Decision and the OMA

{¶ 11} Tipton's first assignment of error states:

THE TRIAL COURT ERRED IN FINDING THAT APPELLEE TOOK

NO ACTION TO ADOPT THE MASKING RULE.

{¶ 12} Tipton seems to argue that the trial court erred by rendering summary judgment against her.

{¶ 13} Appellate courts conduct a de novo review of summary judgment decisions. *Cincinnati Enquirer v. Cincinnati Bd. of Edn.*, 192 Ohio App.3d 566, 2011-Ohio-703, 949 N.E.2d 1032, ¶ 8 (1st Dist.). "Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with that party being entitled to have the evidence construed most strongly in his favor." *Id.*

{¶ 14} We note that Tipton has filed a "Notice of Conceded Error" in which she acknowledges that her complaint "cannot be fairly interpreted to include an allegation of a private discussion by [the members of the Board]." She further states that we should therefore give no consideration to her first assignment of error, which is "dispositive of [her] entire appeal." Even without this concession, we would conclude that Tipton's appeal lacks merit.

{¶ 15} The OMA requires that public officials, when meeting to consider official business, conduct those meetings in public. R.C. 121.22(C); *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 542, 668 N.E.2d 903 (1996). The intent of the OMA is to prevent public bodies from engaging in secret deliberations on public issues with no accountability to the public. *Id.* at 544. Any "resolution, rule, or formal action" by a public body is invalid if it fails to comport with the OMA. R.C. 121.22(H). In an action brought

under R.C. 121.22, the plaintiff or relator has the initial burden to show that a meeting of the majority of the members of a public body occurred and that the general public was excluded from that meeting. *State ex rel. Hicks v. Clermont Cty. Bd. of Commrs.*, Ohio Slip Opinion No. 2022-Ohio-4237, __ N.E.3d __, ¶ 22- 24.

{¶ 16} As noted, Tipton contends that the Board conducted a "private discussion and decision to not publicly vote on the masking rule" and that such conduct violated the OMA. In support, Tipton alleges that the Board president used the word "we" during the September 27, 2021 Board meeting when stating "we did not know how there would be time because we also had the Superintendent and the Treasurer * * * leaving to go out of town to represent this district at the federal impact aid in Washington, D.C. * * *."

{¶ 17} Tipton did not support her claims with competent evidence, as "[t]ape recordings themselves are the best evidence of their contents, not any transcript prepared from them." (Citation omitted.) *State v. Rogan*, 94 Ohio App.3d 140, 148, 640 N.E.2d 535, 540 (2d Dist.1994). Evid.R. 1004 sets forth "a few limited situations" in which transcripts of recordings may be admitted without the admission of the actual recording. *Rogan* at 150. However, none of the stated exceptions was applicable in this case. Further, and most importantly, Tipton failed to attest that the transcript she had created from the recording was a true, fair, and accurate representation of the recording. Indeed, in her affidavit, Tipton admitted that she had only transcribed portions of the recording of the meeting. Although courts must construe the evidence in favor of the nonmoving party, summary judgment is appropriate where the nonmovant fails to respond with proper evidence supporting the essential elements of the claim. *Gabriel v. Ohio State Univ.*

*Med. Ctr.,* 10th Dist. Franklin No. 14AP-870, 2015-Ohio-2661, ¶ 29.

{¶ 18} Moreover, even if the transcript could properly be considered, it did nothing to demonstrate that the Board had violated the OMA. The use of the word "we" could have been construed to refer to the Superintendent and the Board president, who had discussed the rule during a phone conversation. It could also have been construed to refer to conversations between the Board president and her staff. As suggested by Tipton, it might have referred to the president and other members of the Board. But even construing this evidence most strongly in favor of Tipton, at most it raised an inference that the Board members had not thought they had time to schedule a special meeting outside of their regularly scheduled meetings. Simply put, the record does not contain any evidence to suggest that the Board took any formal action regarding the masking policy. Thus, Tipton has failed to demonstrate a violation of the OMA by the Board. Accordingly, the first assignment of error is overruled.

### III. Board's Delegation of Masking Decision to Superintendent

{¶ 19} Tipton's second assignment of error states:

THE TRIAL COURT ERRED IN FINDING THAT APPELLEE DELEGATED AUTHORITY TO THE SUPERINTENDENT TO ADOPT THE MASKING RULE FOR THE DISTRICT.

{¶ 20} Tipton challenges the trial court's judgment insofar as it concluded that the superintendent had the authority to issue a masking rule. In support, she argues that R.C. 3313.20 mandates that a board of education make any rules regarding persons

entering upon its school grounds.

**{¶ 21}** Tipton's second assignment of error does not implicate the OMA. And, as the OMA was the sole basis for the allegations contained in Tipton's complaint, the issue of whether R.C. 3313.20 confers rule-making authority upon a school superintendent is not relevant to this appeal. Further, Tipton's notice of conceded error stated that her first assignment of error, which we have overruled, was dispositive of her entire appeal.

**{¶ 22}** The second assignment of error is overruled.

## IV. Conclusion

**{¶ 23}** Both of Tipton's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.